## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JESSICA MCKNIGHT-CROSS** | ) | |
| **AND DAVID CROSS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 3:24-cv-00872** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **DEBBIE YANCEY,** | ) | |
| **HOOSIER TRANSIT, INC, and** | ) | |
| **SAFEWAY DRIVE AWAY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Defendants Debbie Yancey and Safeway Drive Away, Inc. ("Safeway") (collectively, the "removing defendants") removed this case to federal court from the Circuit Court for the Twentieth Judicial District of Tennessee, at Nashville, based on diversity jurisdiction. Now before the court is the Motion to Remand (Doc. No. 10) filed by plaintiffs Jessica McKnight-Cross and David Cross, which the removing defendants oppose (Doc. No. 15). The plaintiffs filed a Reply. (Doc. No. 16.) For the reasons set forth herein, the motion will be granted.

## I.      BACKGROUND

The plaintiffs, residents and citizens of Tennessee, filed the Complaint initiating this lawsuit in the Circuit Court for Davidson County, Tennessee on June 3, 2024. (Doc. No. 11-1.) The defendants are Debbie Yancey, who is alleged to be a citizen and resident of Richton Park, Illinois; Safeway, alleged to be an Indiana corporation with an agent for service of process located in Indianapolis, Indiana; and Hoosier Transit, Inc. ("Hoosier"), alleged to be an Indiana corporation with an agent for service of process located in New Paris, Indiana. (Compl. ¶¶ 2–4.)

The Complaint alleges that Hoosier "and/or" Safeway owned the motor vehicle driven by "their employee," Yancey, that was involved in the vehicular accident that is the subject of this lawsuit. (*Id.* ¶ 5.) The plaintiffs allege that the vehicle that McKnight-Cross was driving and in which Cross was a passenger was struck by the vehicle being driven by Yancey on I-65 South in Davidson County on April 4, 2024 and that both plaintiffs were seriously injured in the collision. The plaintiffs seek damages "in an amount not to exceed $500,000.00." (*Id.* at 8.) They allege that the collision was caused by Yancey's negligence and that Hoosier and Safeway are vicariously liable for the injuries caused by Yancey's negligence and directly liable based on their own negligence in hiring, training, supervising, and/or retaining Yancey as their employee and in entrusting the vehicle to her. (*Id.* ¶¶ 15–20.)

Summonses were issued for all three defendants on June 3, 2024, the same day the Complaint was filed. (Doc. Nos. 11-2, 11-3, 11-4.) According to the Notice of Removal, Yancey was served with the lawsuit on June 15, 2024, and Safeway was served on June 21, 2024. (Doc. No. 1 ¶¶ 3–4.) Counsel for both Yancey and Safeway entered an appearance in the case in the state court on July 15, 2024. (Doc. No. 1-2.)

Safeway and Yancey filed the Notice of Removal on July 18, 2024, within thirty days after service of the Complaint on Safeway. The Notice of Removal asserts that, as of July 18, 2024, "the Court [record] does not show that Hoosier has been served with the lawsuit." (Doc. No. 1 ¶ 5.) The Notice of Removal does not contain any information about the efforts counsel for the removing defendants undertook to verify whether Hoosier had been served by that time. It simply asserts that complete diversity of citizenship exists, that the amount in controversy exceeds $75,000, that the case is removable pursuant to 28 U.S.C. § 1446, and that the Notice of Removal was filed within thirty days of service on Safeway. (*Id.* ¶¶ 6–9.)

In fact, Hoosier was served on June 20, 2024. (Doc. No. 11-5, at 5.) The Tennessee Secretary of State received the return of service on July 9, 2024 and returned it to the Circuit Court for Davidson County, Tennessee on July 10, 2024. (*Id.* at 1.) The Affidavit of Service of Process was received by the court and filed on July 19, 2024, and counsel for the removing defendants was notified by email through the state court's electronic filing service that day. (Doc. No. 11-6.)

Following their filing of the Notice of Removal in this court, the removing defendants filed Answers to the Complaint, denying liability but also admitting that Safeway owned the vehicle that Yancey was operating and that she was an employee of Safeway at the time of the accident. (Doc. No. 7 ¶¶ 5, 12, 17; Doc. No. 8 ¶¶ 5, 12, 17.)

The plaintiffs filed their Motion to Remand and supporting Memorandum on July 30, 2024, arguing that the removal is defective under 28 U.S.C. § 1447(c), because it violates the rule of unanimity, as not all defendants properly served as of the filing of the Notice of Removal joined in, or consented to, removal. (Doc. Nos. 10, 11.) Nearly two weeks later, on August 12, 2024, Hoosier, through counsel, filed an Answer as well as a Notice of Consent to Removal. (Doc. Nos. 12, 14.) The removing defendants filed their Response to the Motion to Remand the same day, arguing (1) that they are excused from complying with the rule of unanimity because they did not have notice that Hoosier had already been served at the time they filed the Notice of Removal; and (2) alternatively, that Hoosier's consent was not required because it is merely a nominal defendant. (Doc. No. 15.) The plaintiffs filed a timely Reply, asserting that the case on which the removing defendants rely is over fifty years old and, besides not being binding in this Circuit, has been repudiated by the district court that issued it. (Doc. No. 16.) The plaintiffs acknowledge that Hoosier has now filed a Notice of Consent to Removal, but they contend that this notice—having

been filed well outside the time limits prescribed by the applicable statutes—is not effective. They also maintain that Hoosier is not a merely nominal defendant.

## II.     LEGAL STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A case in which the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000 is one over which the district courts have "original jurisdiction." 28 U.S.C. § 1332(a).

Section 1446 sets forth the procedures for removal, providing, as relevant here, that a defendant or defendants desiring to remove a civil action must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In cases involving multiple defendants, such as the present case, in which removal is sought based on § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). The requirement that all defendants must join in or consent to removal is commonly referred to as the "rule of unanimity." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (2003).[1] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant

---

[1] The rule of unanimity was codified in amendments to 28 U.S.C. § 1446 in 2011. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) ("While not codified until 2011, common law long required all defendants to consent to removal." (citing, *e.g.*, *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)).

may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

To be timely, the consent of a previously served defendant who does not join in the removal must be filed within thirty days after service on the last-served defendant. *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016). While this thirty-day time limit is not jurisdictional, it is mandatory and not subject to equitable exceptions. *Nessel on behalf of People of Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 971 (6th Cir. 2024). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516; *accord, e.g.*, *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("[T]he failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c).").

Where a procedural defect in removal exists, Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). If not timely raised, an objection based on such a technical defect will be waived. *Loftis*, 342 F.3d at 517. But when a plaintiff does object, the defendants' failure to comply with the rule of unanimity will function as a procedural bar to removal. *Id.*

Both the Supreme Court and the Sixth Circuit have recognized that removal statutes are to be strictly construed against removal and that all doubts must be resolved in favor of remand. *See, e.g.*, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Nessel*, 104 F.4th at 970 ("Overwhelming authority provides that removal statutes—such as § 1446(b)—are to be strictly construed against removal out of respect for state sovereignty."); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citations omitted). The party seeking removal bears the burden of establishing its right to removal. *State ex rel. Slatery v. Tenn. Valley Auth.*, 311

F. Supp. 3d 896, 901 (M.D. Tenn. 2018) (citation omitted). And, on a motion to remand, the defendant bears the burden of establishing that removal was proper. *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

## III.    DISCUSSION

It is now undisputed that Hoosier had, in fact, been properly served by the time Safeway and Yancey filed their Notice of Removal and that Hoosier did not join in the removal and did not consent to it until more than thirty days after it had been served. The removing defendants argue only that the rule of unanimity should not be strictly applied here because (1) they did not have notice that Hoosier had been served and (2) alternatively, that Hoosier's presence in the lawsuit should be disregarded because it is merely a nominal defendant.

### A.    The Unanimity Requirement

The Sixth Circuit has expressly recognized only three exceptions to the rule that all defendants must consent to removal:

> The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

*Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 (Table), 1994 WL 91786, at *3 n.8 (6th Cir. 1994); *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, however, § 1446(b)(2) only requires the consent of properly joined defendants; the consent of a defendant that has been fraudulently joined is not necessary."). The first two "exceptions" identified in *Klein* are not actually exceptions, because the statute itself only requires the consent and joinder of "all defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Thus, the statute does not require consent from a defendant who has not been served

using

at the time of removal, and, as discussed below, a defendant who has been fraudulently joined is not "properly joined."

### 1.  Whether Hoosier Was Improperly Joined as a Defendant

The court considers this question first, because a finding in the removing defendants' favor would obviate any need for Hoosier's consent to removal.

Fraudulent (or improper) joinder is more typically raised as a jurisdictional issue, where diverse defendants argue that a plaintiff has fraudulently joined a non-diverse defendant specifically to defeat removal. In that context, the Sixth Circuit has recognized that fraudulent joinder occurs "when the non-removing party joins a party against whom there is no colorable cause of action." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (quoting S*aginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). Improper joinder may be established either by a showing of "actual fraud in the pleading of jurisdictional facts," which is not at issue here, or by showing that the plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

When subject-matter jurisdiction is at issue, the court may look beyond the pleadings to determine whether, for example, an allegedly non-diverse defendant is actually diverse or as to whether the plaintiff has a colorable factual claim against a non-diverse defendant. *See, e.g.*, *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (endorsing a "summary-judgment-like procedure" "when the defendant alleges that the plaintiff fraudulently joined non-diverse defendants to destroy diversity jurisdiction"). However, where the defendants assert only that the plaintiff cannot "establish a cause of action" against the supposedly improperly joined defendant, the proper approach is to conduct "a Rule 12(b)(6)-type analysis, looking

initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Walker*, 443 F. App'x at 951 (quoting *Smallwood*, 385 F.3d at 573). In this situation, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

Applying that approach here, the court finds that the plaintiffs have clearly stated a colorable claim against Hoosier. As indicated above, they allege that

> Defendant Hoosier and/or Defendant Safeway owned the commercial motor vehicle, driven by their employee, Defendant Yancey, that was involved in the motor vehicle collision which is the subject of this action. Defendant Hoosier and Defendant Safeway are proper parties to this action pursuant to [Tenn. Code Ann.] § 55-10-311 and [Tenn. Code Ann.] § 55-10-312.

(Compl. ¶ 5.) The referenced statutes provide that, in any legal action for personal injuries caused by the negligent operation of a motor vehicle, ownership of the vehicle is *prima facie* evidence that the vehicle was being operated for the owner's use and with the owner's consent and knowledge, Tenn. Code Ann. § 55-10-311(a), and that "[p]roof of the registration of the motor-propelled vehicle in the name of any person shall be *prima facie* evidence of ownership of the motor propelled vehicle by the person in whose name the vehicle is registered," Tenn. Code Ann. § 55-10-312(a). The plaintiffs also allege that Yancey was negligent in the operation of the vehicle and that Hoosier and Safeway are both vicariously liable for the injuries to the plaintiffs caused by her negligence, as the owners of the vehicle and the employers of Yancey, and directly liable based on their own negligence.

In an attempt to defeat these allegations, the removing defendants point to their own and Hoosier's Answers, which deny liability but also deny that Hoosier owned the vehicle or employed Yancey at the time of the accident. (*See* Doc. No. 7 ¶¶ 5, 12, 17; Doc. No. 8 ¶¶ 5, 12, 17; Doc. No. 12 ¶¶ 5, 12, 17.) These allegations, however, simply give rise to a disputed factual issue. At this

juncture, the court must accept as true the well pleaded allegations in the Complaint.[2] If true, the allegations would establish liability on the part of Hoosier under state law.

Ultimately, it may be determined that the plaintiffs cannot *prove* their claims against Hoosier, but the defendants' allegations in their Answers are not, standing alone, sufficient to establish that Hoosier was improperly joined as a defendant in this case, based on the information in the plaintiffs' possession at the time they filed suit. Because Hoosier is not a "nominal" or improperly joined defendant, the removing defendants were not excused from obtaining its consent to removal on this basis.

### 2. The Removing Defendants' Lack of Knowledge of Service on Hoosier

Only the consent of other defendants who have been served is required to satisfy the rule of unanimity. 28 U.S.C. § 1446(b)(2)(A). Citing *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F. Supp. 975, 985 (D.N.J. 1949), the removing defendants also urge the court to apply an exception to the rule of unanimity where the removing defendants did not have notice that Hoosier had been served at the time they removed, as a return of service was not filed until the day after removal.

In *Driscoll*, the district court indeed held, with little analysis, that, "[s]ince the petitioners had no information from the official record that other defendants had been served on December 9, 1948 at 9:45 a.m. they were justified in disregarding the other defendants in filing their petition for removal." In the intervening 75 years, and following the 2011 amendment to § 1446 that codified the rule of unanimity, few courts have cited *Driscoll*, and those that have cited it have

---

[2] The plaintiffs submitted with their Reply a copy of the police report generated at the time of the accident, which reflects that both Hoosier and Safeway are identified on the registration as owners of the vehicle. (*See* Doc. No. 16-1, at 6.) This document apparently formed the basis for their allegations that the vehicle was jointly owned by Hoosier and Safeway.

largely rejected it, particularly within the District of New Jersey. In a 2012 case from the same district, in fact, the court noted:

> The Court's research reveals that no other court in this District has ever cited *Driscoll* for the proposition offered by the Removing Defendants, let alone followed *Driscoll* in excusing a failure to obtain unanimous consent for removal.
>
> Moreover, the Court is not bound by the decision in *Driscoll* and is unpersuaded by its reasoning because the decision fails to account for the significant advances in technology since 1949, over sixty years ago, which have made it substantially easier in this day and age for a removing defendant to determine whether a codefendant has been served in order to comply with the rule of unanimity upon removal.

*Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 521 n.8 (D.N.J. 2012).

In *Cacoilo*, the defendants, like the defendants here, argued that their failure to obtain consent from the other already served defendants should be excused on the basis that the removing defendants did not actually know that the other defendants had been served. *Id.* at 520. The removing defendants also claimed to have exercised "due diligence" in attempting to ascertain whether other defendants had been served, insofar as they had "repeatedly checked the state court docket for proofs of service, called the state court clerk's office on multiple occasions, and even attempted to contact each of these Defendants prior to filing the Notice of Removal." *Id.* The court nonetheless strictly applied the rule of unanimity and granted the plaintiffs' motion to remand. The court held that, because the removal statutes must be strictly construed and all doubts resolved in favor of remand, "the exercise of reasonable diligence in attempting to obtain consent of all codefendants prior to removal is not the controlling standard with respect to the rule of unanimity" and, therefore, that the court had no need to "assess whether the efforts they took to obtain consent of other Defendants in this action constitutes reasonable diligence." *Id.* at 522.

However, most district courts confronted with this issue have applied some version of a "reasonable diligence" standard to determine whether a removing defendant's lack of knowledge that other defendants had been served prior to removal constitutes an exceptional circumstance

justifying a defendant's failure to obtain unanimous consent to removal. Some have found due diligence requires little more than checking the state court docket as of the time of removal. *See, e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088–89 (E.D. Cal. 2007) (finding "reasonable diligence" justified removal without the consent of all previously served defendants where the removing defendants checked the state court docket to ascertain whether co-defendants had been served prior to removal and there was "no proof of service on file at the time of removal"); *Laurie v. Nat'l R.R. Passenger Corp.*, No. CIV.A. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) (holding that "a defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served" prior to removal, and finding that standard met where the removing defendant had "checked the docket repeatedly, and called the Office of the Prothonotary on more than one occasion to learn whether a proof of service had been filed but not yet docketed").

Other district courts have applied a more rigorous version of the "reasonable diligence" standard, requiring defendants to make some effort to ascertain whether other defendants have been served beyond simply examining the state court docket. *See, e.g.*, *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *5 (D. Haw. Aug. 25, 2017) ("[A] showing of reasonable diligence requires efforts beyond merely checking [the online docket] for proofs of service, as the timing in this case demonstrates the shortcoming of relying exclusively on an electronic docket that may not be updated with sufficient frequency to accurately reflect the current state of the pleadings/filings"), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017); *Sasser v. Fla. Pond Trucking, LLC*, No. 1:16-CV-252-WKW-PWG, 2016 WL 3774125, at *6–7 (M.D. Ala. June 24, 2016) (concluding that a removing defendant's due diligence requires more than a mere check of state court records

to see if proofs of service have been filed and finding a lack of due diligence where the removing defendant provided no evidence that it had attempted to contact the state court clerk's office to investigate service on the other defendants or to contact any of the other co-defendants), *report and recommendation adopted*, 2016 WL 3769754 (M.D. Ala. July 14, 2016); *AGI Publ'g, Inc. v. HR Staffing, Inc.*, No. 1:12-CV-00879-AWI, 2012 WL 3260519, at *5 (E.D. Cal. Aug. 8, 2012) ("[R]eviewing the state-court docket once eight days before filing the removal notice and failing to consult with the state court clerk's office, is not an exercise of reasonable diligence."); *Greco v. YellowPages.com, LLC*, No. 3:09-CV-1502, 2009 WL 3571897, at *1 (M.D. Pa. Oct. 26, 2009) (holding that the removing defendant failed to demonstrate due diligence when it did nothing aside from verifying that there was no return of service on the docket at the time of removal, and noting that it "would [have] require[d] very little effort to attempt to contact" the co-defendant to determine whether it had been served); *Beltran v. Monterey Cty.*, No. C 08-05194 JW, 2009 WL 585880, at *3 (N.D. Cal. Mar. 6, 2009) (finding a lack of due diligence where the removing defendant called the court clerk to determine if proofs of service had been filed as to co-defendants, was informed that no proof of service had been filed for certain co-defendants, but took no further steps to ascertain whether those co-defendants had been served).

The Sixth Circuit has not addressed this issue,[3] but district courts within this Circuit, without actually articulating a standard, have generally required some showing of due diligence beyond merely checking the state court docket to establish an exception to the rule of unanimity. *See, e.g.*, *Simeon v. Ky. Dep't of Corrs.*, No. 3:15-cv-00780-DJH, 2015 WL 9307328, at *3 (W.D.

---

[3] The court is unaware of any Circuit Court opinion addressing the question of whether a "reasonable diligence" exception excuses a removing defendant from complying with the rule of unanimity by obtaining the consent of all properly served defendants, regardless of whether a return of service has been filed in the state court docket.

Ky. Dec. 21, 2015) (citing approvingly *Greco v. Yellowpages.com, LLC* and finding that remand was required where the removing defendant "unilaterally removed the case from state court without obtaining the consent" of the co-defendants or even "determining whether it needed to obtain" their consent); *Crockett v. Mut. of Omaha Bank*, No. 3:12-CV-00779, 2013 WL 2384344, at *3 (M.D. Tenn. May 30, 2013) (finding that "the plaintiff's failure to promptly file service returns on the record" did not relieve the removing defendants "of their burden to ascertain with due diligence the need for consent of other defendants"), *report and recommendation adopted*, No. 3:12-0779, 2013 WL 3335113 (M.D. Tenn. July 2, 2013); *Pettis v. City of Memphis*, No. 09-2248-STA, 2010 WL 447022, at *3 (W.D. Tenn. Feb. 1, 2010) ("The fact that the Plaintiff was dilatory in failing to file return of service, however, does not in and of itself relieve the [removing] Defendant City from taking reasonable steps to determine whether Defendant GEICO had been served.").

In light of the Sixth Circuit's recent strongly worded statements that the statutory requirements set forth in 28 U.S.C. § 1446(b) are to be strictly construed and are not subject to equitable exceptions—*see Nessel*, 104 F.4th at 971 ("When invoked in a timely motion to remand, [Section 1446(b)'s time limitations] leave no room for equitable exceptions.")—this court would be inclined to follow the path taken by *Cacoilo* and find that the statute does not authorize a "reasonable diligence" exception to the statutory requirement that removing defendants obtain the consent of all "properly joined and served defendants" in order to remove a case to federal court. *See Cacoilo*, 902 F. Supp. 2d at 522 ("Where the removing defendant fails to obtain such consent as it is duty bound to secure under the removal statute—which must be strictly construed with doubts resolved in favor of remand—the notice of removal fails to comply with the rule of

unanimity and is procedurally defective under Section 1447(c).").[4]

If it did not adopt such a strict construction of the rule unanimity, this court believes—again in light of the language in *Nessel*—that the Sixth Circuit would, *at a minimum*, apply a "reasonable diligence" standard requiring removing defendants to show that they did more than merely check the online docket as of the date of removal to see whether a return of service for any co-defendant has been filed. And the removing defendants here have not satisfied that standard.

In this case, the removing defendants assert only that the return of service for Hoosier was not filed until July 19, 2024, the day after they filed their Notice of Removal. They do not dispute the plaintiffs' showing that Hoosier was actually served on June 20, 2024. Moreover, the plaintiffs have demonstrated that summonses for all three defendants were issued on June 3, 2024, the same day they filed suit. This court's own review of the public docket for the state court confirms that the docket reflects the issuance of a summons for each defendant on that date. Given that the Summons for Hoosier also reflects the name and address of its registered agent for service of

---

[4] That the Second Circuit has declined to authorize an equitable exception to § 1446 in a similar, though not identical, situation also counsels against the creation of a "reasonable diligence" exception to the unanimity rule. In *Taylor v. Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021), four of five properly served defendants filed a timely notice of removal, but the fifth (who was a corporate sibling of, and represented by the same counsel as, the other defendants) did not join because it believed incorrectly that it had not been served. *Id.* at 149. Although the fifth defendant later joined in the other defendants' opposition to the motion to remand, the Second Circuit held that, even assuming such opposition constituted a consent to the removal, it was ineffective because it was filed seventeen days after the thirty-day period for removal lapsed. *Id.* The court held that the defendant's mistaken belief as to service did not excuse timely compliance with the statute, and the court declined to create an equitable exception to "the statute's mandatory language requiring timely consent." *Id.*; *see also id.* at 152 ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service. Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one.").

process, it would have taken little effort on the part of the removing defendants to have contacted Hoosier to verify whether it had been served as of the date of removal.

Because the removing defendants apparently undertook no effort to verify whether Hoosier had been served, other than to check the docket for a return of service, they have not established reasonable diligence and cannot show that they satisfied the rule of unanimity. Because Hoosier did not actually consent to removal until August 12, 2024, well after the thirty-day deadline for doing so expired on July 22, 2024 (thirty days after service on Safeway as the last-served defendant), its consent is ineffective. Because the removing defendants did not comply with the procedure for removal by obtaining the timely consent of all properly served and joined defendants within thirty days after service on the last-served defendant, this case must be remanded to state court.

## IV.    CONCLUSION

For the reasons set forth herein, the plaintiffs' Motion to Remand (Doc. No. 10) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge